Cortland A. Johnson, J.
This is an action to enjoin the use of a name.
The plaintiff leases two theatre buildings in the City of Glen Cove, long known as the “ Glen Theatre” and the “ Cove Theatre ”. The Glen Theatre has been closed for some 10 years; the Cove Theatre has for many years been regularly operated by the plaintiff for the showing of motion pictures. Because of its location in the City of Glen Cove and because no other motion picture theatre has been operating in the city, it has had priority over other Nassau County theatres in procuring early showings of pictures, since a custom in that industry permits showings in Glen Cove at the same time showings are permitted in Suffolk County, following Broadway openings. The theatre is well managed and is widely known as a reputable moving picture theatre.
Early in 1959, the defendant corporation opened a motion picture theatre in the City of Glen Cove under the name ‘ ‘ Glen Cove Theatre ”. Plaintiff seeks to restrain the use of this name as unfair competition. Plaintiff made timely complaint as to the use of the name.
*101 There is no doubt that the existence of a second theatre creates a considerable degree of competition from which the plaintiff has heretofore been free. The court is not convinced that this competition is increased or that the plaintiff has in fact been injured by reason of defendant’s adoption of the name “ Grlen Cove Theatre ”. The name “ Cove Theatre ” has not, in the court’s opinion, obtained in the public mind such a secondary meaning as ‘1 The Grlen Cove Theatre ” as to entitle the plaintiff to prevent the use of the name “ Grlen Cove Theatre ”. The latter name is, in fact, quite dissimilar to the name 1 ‘ Cove Theatre ”, as is demonstrated by the pictures of the respective marquees.
There is no doubt that there has been from time to time some confusion in the delivery of mail and receipt of phone calls; and entrance of patrons into a theatre they did not mean to attend, the latter, perhaps, because the Cove Theatre carries on its marquee no announcement of the picture being shown. But the confusion created is not, in the court’s opinion, more than would be expected to follow the opening of a second theatre in a community where for years there had been only one. There is no proof that by the use of the name Grlen Cove Theatre the defendant took advantage of the plaintiff or appropriated the benefits of its good will or fair reputation. A motion picture house is not in the position of a manufacturer of a product; people come to it, the court believes, primarily to see the picture and not to enjoy the facilities of the particular theatre, the name or ownership of the theatre being of little moment.
For all these reasons, the court finds that the plaintiff is not entitled to the relief it seeks. Accordingly the complaint will be dismissed on the merits. No costs.
Submit judgment.